# GARY SCHOER
**ATTORNEY AT LAW**
NORTH SHORE ATRIUM
6800 JERICHO TURNPIKE. SUITE 108W
SYOSSET. NEW YORK 11791

(516)496-3500
FAX (516) 496-3530
EMAIL: GSchoer@aol.com

December 15, 2015

**VIA ECF & REGULAR MAIL**
Honorable Arlene R. Lindsay, Magistrate Judge
United States District Court
Eastern District of New York
Central Islip, NY 11722

        RE: <u>EDGAR AMAYA v. COUNTY OF SUFFOLK, ET AL</u>
            Docket No.: <u>15-CV-2171 (JMA) (ARL)</u>

Dear Honorable Madam:

    Pursuant to Judge Azrack's and your Honor's rules, please accept this letter on behalf of the Plaintiff as an application to extend the previously ordered time for completion of discovery (and, as a result, adjust the previously ordered Final Conference date), as well as to request a pre-motion conference to permit the Plaintiff to seek to compel the Defendants to provide discovery properly requested.

    Discovery pursuant to your Honor's Scheduling Order dated June 11, 2015 is to be completed by December 17, 2015. This is the first request of either party to extend the time to complete discovery. While the parties have diligently conducted discovery and depositions of the parties have been completed (subject to the production of additional documents, see below) all discovery has yet to be completed as we await further document production from the Defendants. In light of the request, herein, for a pre-motion conference, respectfully, the time to complete discovery should be extended until such conference and adjusted thereafter depending upon the results of such conference. Further, in light of this application, the scheduled Final Conference date of January 27, 2016 should also be extended.

    On or about August 27, 2015 the Defendants responded to the Plaintiff's First Request for Documents and Interrogatories. Therein, (as well as in their Automatic Disclosure dated May 15, 2015)the Defendants indicated that they would provide the

1

Suffolk County Police Department Internal Affairs "file" and "any statements given by a person not a party in this action, should they exist" during that Internal Affairs investigation. They also indicated that "the appropriate requests have been made for reports, field notes or other notes prepared by Detective Peter Barba; should they exist, upon receipt of same a copy will be provided forthwith". A similar response was made with respect to the Plaintiff's demand for "all outside agency or consultant reports" prepared with respect to Police Department procedure, policy and practice relating to use of force, questioning of individuals or arrestees and providing medical treatment to those in custody and with respect to Sheriff Department/Correction/Jail Facility procedure, policy and practice relating to providing medical treatment to inmates. To date, none of the above documents have been provided.

After the deposition of the first examined Police Officer involved in the incident upon which the Plaintiff's action is based, the Plaintiff served a Second Request for the Production of Documents on October 7, 2015. To date, this Request has not been responded to by the Defendants. Similarly, during the deposition of Detective Barba on November 12, 2015 (a copy of which has not yet been received from the stenographer) Plaintiff orally requested the production of all of Detective Barba's notes and reports which he indicated were in the case file. To date, that case file has not been produced.

Additionally, the Plaintiff in his initial discovery demands requested the following:

> 22. The complete official personnel file of Detective Peter Barba including, but not limited to, all documents relating to his recruitment and hiring, psychological interviews and testing, his training, complaints filed against him, investigations conducted concerning his conduct, disciplinary reviews and actions taken and claims, notices of claim and/or lawsuits in which he has been named or referred to.

> 25. All statistical compilations or summarizations of the Police Department or any agency investigating the Police Department for the period since 2005 relating to all citizen complaints or claims or lawsuits concerning excessive use of force, improper questioning and/or failure to provide medical treatment; the outcome of any investigation of such complaints, claims or lawsuits; the action taken with respect to such complaints, claims or lawsuits; and the punishment, if any, rendered as a result of such complaints, claims or lawsuits.

> 26. All statistical compilations or summarizations of Sheriff's Department/Correction/Jail Facilities or any agency investigating the Sheriff's Department/Correction/Jail Facilities for the period since 2005 relating to all citizen/inmate complaints

2

or claims or lawsuits concerning failure to provide medical treatment; the outcome of any investigation of such complaints, claims or lawsuits; the action taken with respect to such complaints, claims or lawsuits; and the punishment, if any, rendered as a result of such complaints, claims or lawsuits.

Defendants' response to each of these requests was "By counsel the Defendants object on the ground that this demand is overbroad". Plaintiff submits that the requests are not overbroad and are highly relevant and material to the issues to be litigated in this proceeding.

Upon the above, the Plaintiff, respectfully, requests a pre-motion conference prior to the making, if necessary, of an application to compel the Defendants to produce the above documents previously requested.

Thank you for your consideration and courtesy herein.

Respectfully,

GARY SCHOER

GS/tm
cc: Jessica M. Spencer, Esq.
   *Asst. County Attorney* (Via ECF)