```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
EDGAR AMAYA,                                    15 CV 2171 (JMA) (ARL)

                Plaintiff,
                                                **PROPOSED JOINT**
                                                **PRETRIAL ORDER**
        -against-

COUNTY OF SUFFOLK, NEW YORK; SUFFOLK
COUNTY POLICE DEPARTMENT; EDWARD WEBBER,
COMMISSIONER OF THE SUFFOLK COUNTY POLICE
DEPARTMENT; DETECTIVE PETER BARBA, SUFFOLK
COUNTY POLICE DEPARTMENT; DETECTIVES,
POLICE OFFICERS OR CIVILIAN EMPLOYEES
OF THE SUFFOLK COUNTY POLICE DEPARTMENT
"JOHN DOE 1," "JOHN DOE 2," "JOHN DOE 3,"
and "JOHN DOE 4" (true names unknown);
SUFFOLK COUNTY SHERIFF'S OFFICE; VINCENT F.
DEMARCO, SUFFOLK COUNTY SHERIFF; CHARLES
EWALD, WARDEN OF THE SUFFOLK COUNTY JAIL;
and DEPUTY SHERIFFS, CORRECTION OFFICERS
OR CIVILIAN EMPLOYEES OF THE SUFFOLK
COUNTY SHERIFF'S OFFICE "JAMES DOE 1",
"JAMES DOE 2", "JAMES DOE 3" AND "JAMES DOE 4"
(true names unknown),

                Defendants.
-------------------------------------X
```

The parties, by their respective counsel, as and for a Joint Pretrial Order have agreed to the following, which the Court hereby Orders:

I.  The full caption of the action, at this time, is as set forth above.

II. Trial Counsel shall be:

   a. For the Plaintiff:

   Gary Schoer, Esq.
   6800 Jericho Turnpike, Suite 108W
   Syosset, New York 11791
   Phone: (516)496-3500
   Fax:   (516) 496-3530

   b. For the Defendants:

   Dennis M. Brown, Suffolk County Attorney
   By: Kyle Wood, Esq.
   Assistant County Attorney
   100 Veterans Memorial Highway
   P O Box 6100
   Hauppauge, NY 11788
   Phone: (631) 853-5673
   Fax:   (631) 853-8341

III. Subject matter jurisdiction of this Court is invoked, by the Plaintiff, to secure protection of and to redress deprivation of Federal statutory and constitutional rights pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§1331, 1332 and 1343(a)(3); and with respect to common law state claims that form a part of, and arise out of, the same case or controversy of the Federal claims, pursuant to 28 U.S.C.§.1367.

IV. No Pretrial Motions were interposed in this matter. Discovery has been completed.

V. Plaintiff seeks in this action to recover damages, compensatory and punitive, and attorney's fees, costs and disbursements arising from violations of Plaintiff's rights as secured by the United States

Constitution, Federal Statutes and the common law, in that the Police Department Defendants intentionally, maliciously and outrageously, conspired to, and did excessively use force, subject the Plaintiff to physical and psychological force and coercion, verbal abuse and threats and intentionally beat the Plaintiff during the course of an illegal police interrogation; and in that the Police Department Defendants intentionally, maliciously and outrageously, conspired to and did subsequent to the Plaintiff's beating, fail to adequately and timely provide to the Plaintiff medical treatment for his injuries. Further, the Plaintiff claims that the Defendants, Suffolk County, Suffolk County Police Department, Edward Webber (Commissioner of the Suffolk County Police Department), all permitted and tolerated a pattern and practice of unreasonable use of, and cover-up of the use of, excessive force, abuse, coercion, illegal interrogation methods and failure to provide adequate and timely medical treatment by police officers and others in their employ All such claims of the Plaintiff remain to be tried. The Plaintiff has stipulated to dismiss all claims previously asserted against the Suffolk County Sheriff's Office, Vincent F. Demarco, Charles Ewald and Deputy Sheriffs, Correction

Officers and Civilian Employees of the Suffolk County Sheriff's Office.

The Defendants contend the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim. The Complaint fails to state a claim upon which relief can be granted.

The Defendants contend that they used no force against the Plaintiff and contest the true nature, extent and cause of the Plaintiff's purported injuries. The Defendants contend that Plaintiff's alleged injuries, if any, are de minimis and do not rise to the level of actionable constitutional violations. Moreover, the Defendants contend that the damages sustained by the Plaintiff, if any, were caused by his own culpable and /or negligent behavior. They further contend that they acted as they did, if at all, solely pursuant to their duties and responsibilities as law enforcement officials, and at all times acted in good faith in that they were exercising and acting within their statutory and constitutional powers.

The Defendants further contend that no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the defendants or otherwise ratified by defendants authorized the deprivation of plaintiff's Constitutional rights; that the individual defendants actions were justified by the facts and

circumstances presented; that the individual defendants acted reasonably and in good faith in discharge of their official duties and responsibilities.

The individual Defendants contend that they are entitled to judgment in their favor on the basis of qualified immunity.

The Defendants contend that the Plaintiff was provided adequate and timely medical care and that no Defendant was ever deliberately indifferent to a serious medical need of the Plaintiff.

The Defendants contend that there is no viable constitutional claim stated or which can be proven against the municipal Defendant. The evidence listed in this Joint Pre-Trial order indicates that there is no viable *Monell* claim that can be asserted and that the evidence is insufficient as a matter of law to support any purported The Defendants contend that there is no viable constitutional claim stated or which can be proven against the supervisory and municipal Defendants and that the evidence is insufficient as a matter of law to support any purported *Monell* claim against those Defendants. Further, Defendants contend that no such evidence exists because there was no constitutional violation in this action and there was no unconstitutional policy, practice or custom

that allegedly caused the Plaintiff's alleged injuries or denied to Plaintiff adequate and timely medical treatment, and that no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the Defendants or otherwise ratified by Defendants authorized the alleged deprivation of Plaintiff's constitutional rights.

VI. This case is to be tried before a jury. The parties estimate that the trial will take approximately four (4) days.

VII. All parties have not consented to trial of this case before a magistrate judge.

VIII. The parties have not stipulated or agreed to any statements of fact or law.

IX. Plaintiff intends to offer testimony from the witnesses set forth in Schedule IX-A annexed. Defendants intend to offer testimony from the witnesses set forth in Schedule IX-B annexed. All such witnesses shall testify in person.

X. Plaintiff does not intend to offer deposition testimony in his case in chief. The parties each reserve the right to use deposition testimony if a witness is unavailable and for the purpose of impeachment.

XI. Plaintiff will offer as exhibits at trial the items set forth in Schedule XI-A annexed. Defendants

6

will offer as exhibits at trial the items set forth in Schedule XI-B annexed.

Dated: Central Islip, New York
      May    , 2016

                                                  _____
                                                  HONORABLE JOAN M. AZRACK
                                                  U.S. DISTRICT JUDGE

APPROVED AND CONSENTED TO:

__**S**/Gary Schoer_____
GARY SCHOER, ESQ.
*Attorney for Plaintiff*

_**S**/Kyle Wood_____
KYLE WOOD, ESQ., ASSISTANT COUNTY ATTORNEY
OFFICE OF THE COUNTY ATTORNEY, SUFFOLK COUNTY
*Attorney for Defendants*

**SCHEDULE IX-A**

**PLAINTIFF'S WITNESSES**

The Plaintiff reserves his right to offer relevant and admissible testimony of any and all witnesses identified by the Defendants, whether or not the Defendants actually call such witnesses at the time of trial. (Such witnesses are hereby incorporated by reference.)

In addition to the Plaintiff, the Plaintiff may also call the following witnesses:

1) George Terazakis, Esq.

2) Detective Sergeant Patrick Brooks.

3) Nadine Teich

4) Dennis Russo, M.D.

5) Marian Webster

6) Kathleen Reeves

7) Alice Butkos

8) Kim Scarpati

9) Custodian of Records Peconic Bay Medical Center

The above witnesses will testify as witness to the incident, their observations and conversations with the Plaintiff and others, their treatment of the Plaintiff and the damages he suffered.

The Plaintiff reserves his right to use such additional and unidentified witnesses for impeachment purposes and/or as may be warranted in response to the Defendant's case as the need arises. See FRCP Rule 26(d)(3).

Since the Defendants have not identified any proposed expert witnesses during discovery, the Plaintiff will object to any attempt to offer expert testimony based upon Defendants' failure to comply with FRCP Rule 26 (a)(2).

**SCHEDULE XI-A**

**PLAINTIFF'S PROPOSED EXHIBITS**

The Plaintiff reserves his right to offer into evidence any and all relevant and admissible exhibits, and all portions thereof, identified by the Defendants, whether or not the Defendants actually offer such exhibits. (Said exhibits are hereby incorporated by reference.)
The Plaintiff may also offer the following additional exhibits:

1. Notice of Claim, dated June 2, 2014.

2. Arrest Photograph.

3. Sheriff's Department Photograph.

4. Suffolk County Correctional Facility Prisoner Transfer & Discharge Report.

5. Police Department Prisoner activity log.

6. Letter from Detective Barba to Suffolk's County Sheriff's Office.

7. Suffolk County Sheriff's Office Inmate Hospital Transport Form.

8. Medical Records Suffolk County Sheriff's Office.

9. Medical Records Peconic Bay Medical Center.

10. Records relating to Civilian complaints against Detective Barba.

11. Police Department Rules and Procedures relating to Questioning of Arrestees and use of Force.

12. Suffolk County Sheriff's Office Academy Bureau, Essential Services, Handout #1 and Essential Services, COC Powerpoint/Handouts.

13. Suffolk County Sheriff's Office Inmate Handbook.

14. Letter of March 12, 2014 from George A. Terezakis, Esq. to Suffolk County District Attorney's Office.

15. Court Order to Remand Dated 3/9/14.

16. Court Order to Remand Dated 3/14/14.

17. Suffolk County Sheriff's Office Administrative Segregation Report dated 3/12/14.

18. Plaintiff Arrest Detail, Personal Information, Physical Description etc. Report.

19. Internal Affairs Investigation File.

20. Statistical Data provided by Defendants

SCHEDULE IX-B

DEFENDANTS' WITNESSES

The Defendants reserve their right to offer the relevant and admissible testimony of any and all witnesses identified by the Plaintiff, whether or not the Plaintiff actually calls such witnesses at the time of trial. (Such witnesses are hereby incorporated by reference.)

In addition to the individual Defendant Detective Peter Barba (employed by the Suffolk County Police Department, Yaphank Avenue, Yaphank, New York) the Defendants may also call the following witnesses:

**1.** Detective Steven Ziegler, Yaphank, New York
**2.** Detective Sgt. Patrick Brooks, Yaphank, New York
**3.** Richard Rosetti, Yaphank, New York
**4.** Detective Alton Purdie, Yaphank, New York
**5.** Detective John Van Wagner, Yaphank, New York
**6.** Lilian Garcia, Brentwood, New York
**7.** Richard Morales, Brentwood, New York
**8.** Richard Santos, Brentwood, New York
**9.** Suffolk County Corrections Sgt. Matthew Bogert
**10.** Alice Butkos, NP, Riverhead, New York

The above witnesses will testify as to their interaction and observations of the Plaintiff as it

12

relates to the alleged incident on March 8, 2014.

The Defendants may also offer the relevant admissible testimony of any other individual identified in Suffolk Police Department paperwork. Said individuals will testify as to their observations, their involvement in the incident as alleged by the Plaintiff, conversations had with Plaintiff and/or others, and their involvement in the investigation of the Plaintiff's allegations.

The Defendants further reserve their right to use such additional and unidentified witnesses for impeachment purposes and/or as may be warranted in response to the plaintiff's direct case as the need arises. See FRCP Rule 26(d)(3).

Since the Plaintiff has not identified any proposed expert witnesses during discovery, the Defendants will object to any attempt to offer expert testimony based upon Plaintiffs' failure to comply with FRCP Rule 26 (a)(2).

SCHEDULE XI-B

DEFENDANTS' PROPOSED EXHIBITS

The Defendants reserve their right to offer into evidence any and all relevant and admissible exhibits, and all portions thereof, previously identified by the Plaintiff whether or not the Plaintiff actually offers such exhibits. (Said exhibits are hereby incorporated by reference.) The Defendants may also offer the following additional exhibits:

1. Complaint CV-15-2171 filed April 16, 2015
2. Suffolk County Police Department paperwork (2014SU9160) relating to the arrest and prosecution of Edgar Amaya
3. Felony Complaint/SCI
4. Prosecution Worksheet
5. Prisoner Activity Log
6. SCPD Incident Report and Continuation
7. Arrest Report
8. Mug Photographs of Edgar Amaya
9. Sheriff's Office Photograph of Edgar Amaya
10. Correctional Facility Prisoner Receipt
11. Interview Notes of Edgar Amaya
12. Property Section Invoice Receipt
13. Letter by Detective Barba

14. Permission to Search Form

15. Suffolk County Sheriff's Inmate Hospital Transport Form

16. Police Radio Transmissions

17. Crime scene photographs & video CC#14-124 819

18. Photographs of complainant

19. Scene Log

20. Evidence Recovery Sheet

21. Evidence Analysis Request

22. Firearms Report from the Suffolk County Crime Laboratory

23. Statements of witnesses Morales, Santos, and Garcia

24. Suffolk County Correctional Facility Prisoner Transfer and Discharge

25. Medical Records Suffolk County Sheriff's Office

26. Medical Records Peconic Bay Medical Center
    Suffolk County Sheriff's Office Inmate Handbook